UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
COUNCIL FOR RESPONSIBLE
NUTRITION,

                Plaintiff,                24-cv-1881 (ALC)

              -against-                **ORDER**

LETITIA JAMES.,

                Defendant.

-------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

       The Court is in receipt of Plaintiff's Motion for Clarification (ECF No. 54), and Defendant's Response to the Motion (ECF No. 56). Plaintiff seeks clarification from the Court as to "whether the proper reading of the Act is that its age-based restrictions are limited only to products that 'contain an ingredient approved by the federal Food and Drug Administration for weight loss or muscle building; a steroid; or creatine, green tea extract, raspberry ketone, garcinia cambogia, and green tea coffee bean extract.'" (ECF No. 54 at 2). And, if not, Plaintiff asks "what is the 'clear' reading of the statute." (*Id.*). The Court stated that CRN misread the Statute by claiming that the Statute only restricted products based on what was said about the product. (ECF No. 52 at 11). CRN tried–and apparently is still trying– to set up a false binary situation in which the Statute must restrict products based either on its ingredients or what is said about the product. (ECF No. 54 at 2). In the Motion for Clarification, CRN hews to this fallacious proposition, now claiming that since the Court used the word "may" in one section of the opinion discussing restrictions based on how a product is marketed or labeled, that the Court needs to clarify whether the Act restricts one or the other category of products. (*Id.*). The Statute, which restricts both categories of products, is clear, as is the Court's order.

"In general, clarification is only warranted where a decision is unclear or ambiguous. *See Fero v. Excellus Health Plan, Inc.*, 502 F. Supp. 3d 724, 747 (W.D.N.Y. 2020). **That is not the case here. The Court's decision speaks for itself** . . . [T]o the extent Plaintiff seeks a ruling on potential future claims, the Court cannot issue such an advisory opinion. *See Abele v. Markle*, 452 F.2d 1121, 1124 (2d Cir. 1971) ('It is settled that advisory opinions may not be given by federal courts.')." *ELG Utica Alloys, Inc. v. Niagara Mohawk Power Corp.*, 2023 U.S. Dist. LEXIS 203254, *4-5 (N.D.N.Y. Nov. 14, 2023) (emphasis added).

In rendering its decision on CRN's emergency motion for a preliminary injunction, this Court was clear. And requiring further interpretation of the Statute at issue would effectually require the Court to convert CRN's facial challenge to an as-applied challenge or an enforcement action. *See Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449-50 (2008) ("In determining whether a law is facially invalid, we must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases."). Such refashioning is unwarranted. Accordingly, Plaintiff's Motion for Clarification is **DENIED**. The Clerk of the Court is directed to close the open motion at ECF No. 54.

**SO ORDERED.**

**Dated:** **April 30, 2024**
        **New York, New York**

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**