UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
COUNCIL FOR RESPONSIBLE
NUTRITION,

              Plaintiff,

              -against-

LETITIA JAMES.,

              Defendant.

------------------------------------------------------------ x

24-cv-1881 (ALC)

<u>OPINION & ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

      Following the Court's denial of Council for Responsible Nutrition's ("CRN") request for emergency preliminary relief ("Op.", ECF No. 52), Defendant has moved to dismiss this case for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6). (ECF No. 47). For the reasons that follow, Defendant's motion is **GRANTED in part** and **DENIED in part.**

## BACKGROUND

The Court assumes the Parties' familiarity with the underlying facts at issue. *See* Op. at 1-4.[1]

## PROCEDURAL HISTORY

      On March 13, 2024, Plaintiff commenced this action, seeking a declaration that N.Y. Gen. Bus. Law § 391-oo ("the Statute") is facially invalid and an injunction barring the Attorney General from enforcing it. (ECF No. 1.) On April 3, 2024, Plaintiff made an emergency motion for a temporary restraining order and a preliminary injunction, seeking immediate relief ahead of

---

[1] All citations to N.Y. Gen. Bus. Law § 391-oo will be referred to as "Statute." All citations to Plaintiff's Amended Complaint, ECF No. 44, will be referred to as "Compl."

the Statute's effective date. (ECF Nos. 14-25.) On April 4, 2024, the Court denied Plaintiff's application for a temporary restraining order and directed the Attorney General to respond to Plaintiff's motion by April 9, 2024. (ECF No. 31.) The Court conducted a hearing on the motion on April 10, 2024, and Plaintiff thereafter amended its complaint to incorporate the additional allegations set forth in the ten declarations that were filed in support Plaintiff's preliminary injunction motion. (ECF No. 44). Defendant filed its motion to dismiss on April 12, 2024. (ECF Nos. 46, 47). Plaintiff filed its opposition on April 15, 2024. (ECF No. 49). The Court denied Plaintiff's request for an emergency preliminary injunction on April 19, 2024. (ECF No. 52).

## STANDARD OF REVIEW

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. *Id.* A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id.*

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Federal Rule 12(b)(6) "does not impose a probability requirement. at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the truth of the allegations." *Twombly*, 550 U.S. at 545.

## DISCUSSION

### I. CRN Has Sufficiently Alleged Standing

In the order denying the preliminary injunction, this Court determined that CRN has alleged sufficient facts to establish Article III standing. *See* Op. at 6-9. For those same reasons, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is denied. CRN has established subject matter jurisdiction by a preponderance of the evidence.

### II. CRN Has Plausibly Alleged a First Amendment Claim

A motion for a preliminary injunction requires a different standard of proof than a motion to dismiss. *See Lawrence v. Town of Brookhaven Dep't of Hous., Cmty. Dev. & Intergov. Affairs*, No. 07-CV-2243, 2007 U.S. Dist. LEXIS 94947, 2007 WL 4591845, at *13 (E.D.N.Y. Dec. 26, 2007). "[U]nlike a preliminary injunction motion, dismissal pursuant to Rule 12(b)(6) is not based on whether Plaintiff is likely to prevail, and all reasonable inferences must be viewed in a light most favorable to Plaintiff." *Id*. "In opposing a motion to dismiss, Plaintiff is not required to prove her case; she must simply establish that the allegations in the Complaint are sufficient to render her claims plausible." *Id*. (citing *Iqbal*, 490 F.3d at 158) (internal citation omitted). A plaintiff seeking injunctive relief has a "heavier burden" than a plaintiff "bears in pleading the

plausible claim necessary to avoid dismissal." *New Hope Family Servs., Inc. v. Poole*, 966 F.3d 145, 165 (2d Cir. 2020).

When accepting all of the factual allegations in the Amended Complaint as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that CRN has met its minimum burden to suggest a First Amendment injury. While the Court has expressed serious doubt about CRN's likelihood of success on the merits—namely that even if the Statute implicates the First Amendment, it likely survives intermediate scrutiny—we cannot conclude at this stage that Plaintiff has failed to plead factual allegations to sufficiently "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. Indeed, "the task of the Court in ruling on a motion to dismiss is to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Nat'l Coalition on Black Civic Participation v. Wohl*, 512 F. Supp. 3d 500, 508 (S.D.N.Y. 2021) (internal quotation marks and citation omitted).

At minimum, CRN has alleged that following Governor Hochul's 2022 veto of the prior version of the Statute, the Legislature decided to target "the way in which products are labeled and marketed, rather than what the actual products are within the diet pill." (Compl. ¶¶ 48-49). Senator Shelley B. Mayer and Assemblyperson Nily Rozic explained the difference between the vetoed bill and the Statute:

> This legislation takes a new approach, focused on the way products are marketed, regardless of their ingredients . . . This approach will target drugs9 based on their marketing - and associated harmful effects - rather than relying on a list of covered ingredients that the industry will soon work around.

(*Id.* at ¶ 50).

Governor Hochul similarly expressed in her December 23, 2022 veto of the bill that she "share[d] the concerns of the sponsors of this bill, and desire to address the marketing of these

diet pills and dietary supplements to minors." (ECF No. 25-2 at 2). These facts, standing alone, plausibly support the inference that the Statute might very well regulate protected speech. *See Eastchester Tobacco & Vape Inc. v. Town of Eastchester*, 618 F. Supp. 3d 155, 162 (S.D.N.Y. 2022); *see also 44 Liquormart v. R.I.*, 517 U.S (1996) (prohibition on advertising prices of legal alcoholic beverages violates the First Amendment).

Consequently, Plaintiff's First Amendment claim survives the instant motion to dismiss.

### III.     CRN Has Failed to Properly Allege the Statute Is Void for Vagueness

The Court finds that Plaintiff's void for vagueness claim is not plausible. *See Op.* at 20-21 (finding Plaintiff unlikely to succeed on the merits of void for vagueness claim). CRN argues that the key terms of the Statute—"labeled, marketed, or otherwise represented for the purpose of achieving weight loss or muscle building"—are "undefined and lack objective meaning or criteria." *See* Compl. ¶¶ 56-58; 138-44, 183-84. It further asserts that the phrase "otherwise represented" might "even include some nebulous web of representations potentially including social media posts, flyers, pamphlets, and even oral representations." (Pl. Opp. at 12). Yet, these phrases construed together are neither indecipherable nor unconstitutionally vague. *See, e.g.*, *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497-98 (1982) (describing the "marketed for use" standard as "a retailer's intentional display and marketing of merchandise.").

Moreover, as this Court has already explained, CRN cannot demonstrate that the Statute is "impermissibly vague in all of its applications" such that its facial challenge survives as a matter of law. *Id.; see also* ECF No. 23 ¶¶ 13, 17 (CRN member XYMOGEN expressing that it has identified a number of "impacted products and intends to either revise product labeling and

5

marketing to remove applicable claims and/or to age-restrict impacted products," and has "removed certain claims made in relation to six of [its] products.").

CRN is well within its right to bring an as-applied challenge to the Statute's purported vagueness. But it fails to plausibly allege that the Statute is void-for-vagueness on its face.

## IV.    CRN Fails to Allege Excessive Use of Police Powers

Plaintiff has failed to state a valid claim for excessive use of police powers. The Statute falls within the ambit of the Legislature's broad police powers to enact laws aimed at protecting health and safety. *Lyn v. Inc. Vill. Of Hempstead*, 308 F. App'x 461, 464 (2d Cir. 2009) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 296 (2000)), including that of its children. *See Ginsberg v. New York*, 390 U.S. 629, 639 (1968) (noting that "[t]he well-being of its children is of course a subject within the State's constitutional power to regulate."). Challenges to a State's exercise of its police powers are reviewed for reasonableness. *Jacobson v. Massachusetts*, 197 U.S. 11, 35 (1905). Under rational basis review, a plaintiff must do more than show that the legislature's stated assumptions are irrational – [it] must discredit any conceivable basis which could be advanced to support the challenged provision, regardless of whether that basis has a foundation in the record, or actually motivated the legislature." *Beatie v. City of New York*, 123 F.3d 707, 713 (2d. Cir. 2017) (internal citations omitted). "Legislative acts that do not interfere with fundamental rights or single out suspect classifications carry with them a strong presumption of constitutionality." *Id.* at 711.

CRN suggests that there is no evidence of a causal link between dietary supplement usage and eating disorders, and as a result, the Statute fails rational basis review. (Compl. ¶¶ 204-209). Even when drawing all reasonable inferences in CRN's favor, this assertion is without merit. Plaintiff cannot discredit "any conceivable basis" to support the challenged provision. It alleges that "less than one percent of teenagers are taking dietary supplements for weight loss or muscle gain." (Compl. ¶ 121). Moreover, the justification of the Bill states that "[e]ating disorders are diagnosed based on a number of criteria, including the presence of what clinicians call unhealthy weight control behaviors (UWCBs). One UWCB of particular concern is the use of bills or powders to lose weight or build muscle, which are often sold as dietary supplements." (Compl. ¶ 65). The Legislature's rationale is sufficient to substantiate the Statute as a valid exercise of the State's police powers. Accordingly, Plaintiff fails to state an excessive imposition of the state's police powers claim under 42 U.S.C. ¶ 1983.

V. **CRN's Preemption Claim Fails**

Finally, Plaintiff's preemption claim cannot withstand a Fed. R. Civ. P. 12(b)(6) challenge. Plaintiff asserts that the Statute is preempted by 21 U.S.C. § 343-1(a), which expressly preempts any state "requirement respecting any claim [about nutritional levels and health benefits] . . . made in the label or labeling of food that is not identical to the requirement of [21 U.S.C.] § 343(r)." 21 U.S.C. § 343-1(a). Section 343(r) governs voluntary claims about health-related benefits that dietary supplement manufacturers are permitted to make about their products. *Id.* § 343(r)(1)(B) (statements describing "the relationship of any nutrient . . . to a disease or health-related condition"), (r)(6) (providing that dietary supplement labels may make certain claims about the health-related benefits provided manufacturer has "substantiation that such statement is truthful and not misleading," among other things. *See generally POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 114 (2014) (explaining preemption requirements under the law).

As the Court has already determined, (Op. at 19-20) the Statute does not mandate alterations to the labeling of dietary products. Because there is no basis for preemption, there exists no such violation of the Supremacy Clause. Plaintiff's claim fails as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**. Only Plaintiff's First Amendment claim survives. The Clerk of the Court is directed to close the open motions at ECF Nos. 27 and 46. This case is referred to Magistrate Judge Gary Gorenstein for discovery on the remaining First Amendment claim.

**SO ORDERED.**

**Dated:**     **May 13, 2024**
            **New York, New York**

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**